IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-CR-00023 (WLS-TQL-2) |
| | : | |
| SANTORIA XYTINA THARP, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

    Before the Court is an "Unopposed Motion for Continuance in the Interest of Justice" filed by the parties in the above-styled action. (Doc. 42.) Therein, counsel for the Defendant Santoria Xytina Tharp asks that this Court continue this case to the next available trial term. (*Id.*) Counsel indicates that additional time is needed to review the available discovery with Defendant Tharp. (*Id.*) Counsel asserts that until review occurs, a meaningful investigation into the case cannot take place. (*Id.*) Thus, Defendant Tharp requests a continuance to accommodate review and investigation as well as the determination of defenses. (*Id.*) This is the first continuance in this case, and the Government has indicated to Defendant's counsel that it does not oppose a continuance at this time. (*Id.*)

    The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Unopposed Motion for Continuance (Doc. 42) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this <u>24th</u> day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**